IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:00-776-CMC |
| v. | |
| Johnny Fletcher, Jr., | Opinion and Order |
| Defendant. | |

Defendant seeks relief in this court pursuant to 28 U.S.C. § 2255 and *United States v. Davis*, 588 U.S. __, 139 S.Ct. 2319, 2336 (2019).[1]  ECF No. 54.  He argues his 18 U.S.C. § 924(c) conviction should be vacated because the *Davis* court held § 924(c) to be "unconstitutionally vague."  *Id.* at 6.  The Government filed a response in opposition.  ECF No. 71.  Defendant has not filed a reply, and the time to do so has expired.[2]

---

[1] This motion was originally filed by Defendant as one pursuant to 28 U.S.C. § 2241.  *See* Case No. 9:19-cv-03563.  The court entered an Order at ECF No. 6 in that case, directing the Clerk to close the civil case and file Defendant's motion as one under § 2255.  The court also directed that a letter filed February 6, 2020 be attached to the § 2255 filing.  In the letter, Defendant requests appointment of counsel.  However, as the court has reached the merits and found he is not eligible for relief, counsel is not necessary, and his request is denied.

[2] Defendant also filed a letter motion informing the Clerk of his new address and requesting the Clerk send him "all information it has concerning the First Step Act, the Second Chance Act" because he believes he may "apply for the First Step Act which is the Good Conduct time."  ECF No. 66.  It appears the BOP has calculated inmates' good time credit, and Defendant should inquire with his case manager to determine if he earned the additional credit and if so, whether it was applied to his case, as matters of credit are typically within the province of the BOP.  Defendant's letter, filed as a motion at ECF No. 66, is hereby dismissed without prejudice.

I.  **Background**

On December 20, 2000, Defendant was charged in an Indictment with two counts: Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count 1), and using and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). ECF No. 7. Defendant pled guilty to both counts pursuant to a Plea agreement. ECF Nos. 23, 24.

Defendant appeared for sentencing on February 4, 2002, and was sentenced to 154 months, consisting of 70 months as to Count 1 and 84 months as to Count 2, to run consecutively. ECF No. 30. Defendant appealed his conviction and sentence, but the Fourth Circuit affirmed the judgment. ECF No. 38. An Amended Judgment was entered September 12, 2017, amending Defendant's sentence to 34 months, consisting of 25 months as to Count 1 and 9 months as to Count 2, to run consecutive to each other and to the term of imprisonment imposed in the Western District of Texas. ECF No. 53.

II.  **18 U.S.C. § 924(c)**

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. 924(c).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

2

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause is known as the "force" clause, while the second is the "residual" clause. *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

    On June 24, 2019, the Supreme Court decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, 588 U.S. __, 139 S.Ct. 2319, 2336 (2019). In doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach. *Id.*

### III. Discussion

    In his motion, Defendant argues that his § 924(c) conviction cannot stand because § 924(c) has been invalidated by the Supreme Court. ECF No. 54. In its response, the Government argues that *Davis* did not affect the force clause of § 924(c), and Armed Bank Robbery satisfies the force clause and therefore is a proper predicate. ECF No. 71.

    Defendant's underlying conviction, upon which his § 924(c) conviction was based, was federal Armed Bank Robbery. Binding precedent in the Fourth Circuit makes clear that federal Armed Bank Robbery pursuant to 18 U.S.C. § 2113(d) qualifies as a "crime of violence" under the force clause of § 924(c)(3)(A). *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016). Therefore, Defendant's challenge to his § 924(c) conviction fails.

### IV. Conclusion

    As Defendant's §924(c) conviction was based on federal armed bank robbery, he is not entitled to relief under *Davis*. Defendant's § 2255 motion challenging his § 924(c) conviction

3

(ECF No. 54) is dismissed with prejudice. As noted above, his motion (ECF No. 66) regarding good time credit is denied.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

IT IS SO ORDERED.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 30, 2020